**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICO KHAN | ) | |
|        Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case no. 1:21-cv-04825 |
| | ) | |
| AMERIGAS PROPANE GP, LLC, | ) | |
| AMERIGAS EAGLE HOLDINGS, INC., | ) | |
| and AMERIGAS PROPANE PARTS & | ) | |
| SERVICE, INC. | ) | |
| | ) | |
|        Defendants. | ) | |
| _____ | ) | |
| | ) | |
| AMERIGAS PROPANE GP, LLC, | ) | |
| AMERIGAS EAGLE HOLDINGS, INC., | ) | |
| and AMERIGAS PROPANE PARTS & | ) | |
| SERVICE, INC. | ) | |
| | ) | |
|     Third-Party Plaintiffs, | ) | |
| | ) | |
|     v. | ) | |
| POWER SOLUTIONS | ) | |
| INTERNATIONAL, INC., and | ) | |
| | ) | |
|     Third-Party Defendant. | ) | |

## THIRD PARTY COMPLAINT

Now Come the Defendants / Third-Party Plaintiffs, AMERIGAS PROPANE GP, LLC,

AMERIGAS EAGLE HOLDINGS, INC., and AMERIGAS PROPANE PARTS & SERVICE,

INC., by and through their attorneys, Sanchez Daniels & Hoffman LLP, and state the following

Third-Party Complaint against POWER SOLUTIONS INTERNATIONAL, INC.

    1.    Defendant / third-party plaintiff AmeriGas Propane GP, LLC is a corporation

organized and existing under the laws of Delaware with its principal place of business in

Pennsylvania.

2.      Defendant / third-party plaintiff AmeriGas Eagle Holdings, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Pennsylvania.

3.      Defendant / third-party plaintiff AmeriGas Propane Parts & Service, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Pennsylvania.

4.      Upon information and belief, plaintiff Rico Kahn is a citizen of the State of Illinois.

5.      Third-party defendant Power Solutions International, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Illinois.

6.      The amount in controversy exceeds $75,000.00 exclusive of costs and interests.

7.      On July 19, 2021, plaintiff Rico Khan filed his original complaint in the Circuit Court of Cook County, State of Illinois against AmeriGas Propane GP, LLC, AmeriGas Eagle Holding, Inc., and AmeriGas Propane Parts & Service, Inc., case no. 2021 L 007259. A true copy of plaintiff's complaint is attached as exhibit "A."

8.      On September 13, 2021, defendants removed the complaint from the Circuit Court of Cook County to this United States District Court for the Northern District of Illinois. (*See* ECF No. 1).

9.      This court has supplemental jurisdiction over these third-party claims pursuant to 28 U.S.C. §1367(a) and Fed. R. Civ. P. 14.

10.     Plaintiff's complaint alleges that, on or about November 4, 2019, he was employed by the third-party defendant POWER SOLUTIONS INTERNATIONAL, INC. ("Power Solutions") at its industrial factory located at 201 Mittel Drive in Wood Dale, Illinois (the "Premises"). (Ex. A, at ¶13).

11.     Plaintiff's complaint alleges that one or more of the defendants / third-party plaintiffs entered into a contract with Power Solutions to manufacture, deliver and maintain propane tanks.  (*Id*. at ¶¶6-8).

12.     Plaintiff's complaint alleges that on or about November 4, 2019, he was lifting a propane tank from its designated caged area when the tank malfunctioned due to a missing and/or damaged O-ring, and released propane gas directly onto his hands, as a result of which plaintiff suffered personal and pecuniary injuries. (*Id*. at ¶14).

13.     Plaintiff's complaint alleges that each of the three defendants / third-party plaintiffs owed a duty to exercise ordinary care in the manufacturing, delivery, maintenance, and upkeep of the subject propane tank. (*Id*. at ¶15-17).

14.     Defendants, third-party plaintiffs have filed their answer and affirmative defense to plaintiff's complaint and deny all allegations of duty, breach, proximate cause and damages. (*See* ECF No. 6).

15.     Pleading in the alternative, and without prejudice to the allegations and denials in their answer and affirmative defense, defendants / third-party plaintiffs allege that the third-party defendant, Power Solutions was guilty of negligence which caused or contributed to cause plaintiff's injury.

16.     On and before November 4, 2019, Power Solutions was a corporation with its principal place of business located in Illinois.

17.     At the time and place alleged in the plaintiff's complaint, third-party defendant Power Solutions owed a duty to exercise reasonable care and caution for the safety of persons working at the Premises, including the safety of the plaintiff.

18.     Pleading in the alternative and without prejudice to the allegations and denials in defendants / third-party plaintiffs answer and affirmative defense, at the time and place alleged in the plaintiff's complaint, third-party defendant Power Solutions, by and through its agents, employees and servants, breached its duty of reasonable care in one or more of the following respects:

a.     Failed to make a reasonable inspection of the subject propane tank at and prior to the time of plaintiff's injury;

b.     Improperly operated, managed, maintained and controlled the Premises so that as a direct and proximate result thereof, the plaintiff was injured;

c.     Failed to provide the plaintiff with a safe place to work;

d.     Failed to warn the plaintiff of the dangerous condition then and there existing when Power Solutions knew or, in the exercise of ordinary care, should have known, that said warning was necessary to prevent injury to the plaintiff;

e.     Failed to provide adequate safeguards to prevent the plaintiff from being injured while lawfully on the Premises;

f.     Failed to properly supervise the work being done by its agents and employees, including the plaintiff;

g.     Failed to provide proper personal protective equipment, including but not limited to, proper gloves to be utilized by the plaintiff and other employees;

h.     Directed, ordered and allowed work to proceed without the proper personal protective equipment, including but not limited to, proper gloves;

i.     Failed to conduct a safe, suitable and proper hazard analysis or assessment for the work to be performed by the plaintiff and other employees;

j.     Directed and permitted work to be done without safe and proper equipment;

k.     Was otherwise careless and negligent.

19.     As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions of third-party defendant Power Solutions, the plaintiff sustained his alleged injuries.

4

20.     At all times relevant hereto, there existed in the State of Illinois a statute commonly known as the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.0.1 *et seq*. The Joint Tortfeasor Contribution Act provides for a right of contribution between two or more persons subject to liability in tort arising from the same injury to a person.

21.     Although defendants / third-party plaintiffs deny any liability or responsibility for the damages and injury complained of by plaintiff, if judgment is entered in favor of plaintiff and against one or more of the defendants / third-party plaintiffs, then one or more of them would be entitled to contribution from third-party defendant Power Solutions in an amount commensurate with the percentage of fault attributable to the third-party defendant Power Solutions for plaintiff's injuries pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et seq.*

WHEREFORE, defendants / third-party plaintiffs, AMERIGAS PROPANE GP, LLC, AMERIGAS EAGLE HOLDINGS, INC., and AMERIGAS PROPANE PARTS & SERVICE, request that if this Court enters judgment in favor of the plaintiff and against any or all of them, then this Court enter judgment in favor of one or more of them, and against third-party defendant Power Solutions, in an amount commensurate with the percentage of fault attributable to Power Solutions that caused or contributed to cause plaintiff's injuries, and for all other relief this Court deems just and appropriate.

Respectfully submitted,


By:     /s/ *John J. Piegore*
One of the Attorneys for Defendants,
Third-Party Plaintiffs

John J. Piegore (ARDC #3128729)
SANCHEZ DANIELS & HOFFMAN LLP
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
(312) 641-1555
jpiegore@sanchezdh.com